IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| ELANAR CONSTRUCTION CO., | ) ) |
| Defendant. | ) |

# COMPLAINT

NOW COMES Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, Elanar Construction Co., and alleges as follows:

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. The address and place of administration/business of Plaintiff is 2725 West Monroe Street, Springfield, Illinois 62704.

5. Plaintiff is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a trust agreement. A copy of the pertinent provisions of the trust agreement for Plaintiff is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6. Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

7. Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

8. Effective December 1, 2006, Defendant is and was bound to the Illinois and Indiana Landscape Contractors Labor Agreement pursuant to the Landscaping Memorandum of Agreement. A copy of the Landscaping Memorandum of Agreement is attached hereto as **Exhibit B** and fully incorporated herein and made a part hereof by this reference.

9. Defendant is bound to any and all successor agreements to the Illinois and Indiana Landscape Contractors Labor Agreement. A copy of the applicable Illinois and Indiana Landscape Contractors Labor agreements is attached hereto as **Exhibit C** and **Exhibit D** and fully incorporated herein and made a part hereof by this reference.

10. Defendant has not terminated the Illinois and Indiana Landscape Contractors Labor Agreement or any of its successor agreements (collectively referred to as the "Agreements").

11. Pursuant to the Agreements, Defendant is required to make contributions to Plaintiff at the rates delineated in said Agreements, or as may be increased from time to time

pursuant to the applicable wage addenda, when employees of Defendant perform work covered under the Agreements.

12. Defendant employs individuals who performed work covered under the Agreements for which fringe benefit contributions are owed (*i.e.*, "covered work").

13. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the Agreements and Plaintiff's trust agreement. (*See*, 29 U.S.C. §1145).

14. Plaintiff's auditor, Romolo & Associates, examined the relevant payroll and business records of Defendant for the time period of January 1, 2011 – April 30, 2015 to determine whether Defendant properly paid all of the required fringe benefit contributions under the Agreements.

15. Based upon the audit report, Defendant owes Plaintiff $13,181.00 in fringe benefit contributions. A copy of the audit report is attached hereto as **Exhibit E** and fully incorporated herein and made a part hereof by this reference.

16. Defendant breached the provisions of the Agreements by failing to pay fringe benefit contributions to Plaintiff for the hours of covered work performed by Defendant's employees during the time period of January 1, 2011 – April 30, 2015.

17. Pursuant to the terms of the Agreements, Plaintiff's trust agreement, and Plaintiff's Liquidated Damages Cost Allocation Policy (hereinafter "Policy"), Defendant owes liquidated damages and interest on the delinquent fringe benefit contributions. A copy of the applicable Liquidated Damages Cost Allocation Policy is attached hereto as **Exhibit F** and fully incorporated herein and made a part hereof by this reference.

18.     Under the Policy, Defendant owes interest in the amount of $2,447.37. A copy of Plaintiff's interest calculations is attached hereto as **Exhibit G** and fully incorporated herein and made a part hereof by this reference.

19.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*               \*               \*
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)     the unpaid contributions,
>
> (B)     interest on the unpaid contributions,
>
> (C)     an amount equal to the greater of –
>
> > (i)     interest on the unpaid contributions, or
> >
> > (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)     such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA)

20. With interest exceeding the amount of liquidated damages, Defendant owes "double interest" pursuant to 29 U.S.C. 1132(g)(2)(C) in the amount of $2,447.37.

21. Pursuant to the terms of the Agreements and Plaintiff's trust agreement, Defendant is liable for reasonable attorney's fees, court costs, audit costs, and other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions. (*See*, Exhibits A, C & D).

22. Plaintiff incurred $1,433.30 in audit costs. (*See*, Exhibit F).

23. Plaintiff has demanded that Defendant pay Plaintiff the contributions and other amounts owed, but Defendant has refused or otherwise failed to pay Plaintiff the contributions owed.

WHEREFORE, Plaintiff prays as follows:

A. For a judgment in favor of Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund, and against Defendant, Elanar Construction Co., for all such monies due—including fringe benefit contributions, liquidated damages, interest, audit costs, attorney fees, court costs, and all applicable statutory remedies, for the time period of January 1, 2011 to April 30, 2015—at the time Judgment is rendered;

B. Specifically, that Defendant, Elanar Construction Co., is decreed to pay to Plaintiff $13,181.00 in fringe benefit contributions, $4,894.74 in interest and double interest, and $1,433.30 in audit costs, for a total of $19,509.04;

C. That Defendant be decreed to pay Plaintiff its reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), the Agreements, and Plaintiff's trust agreements;

D. That Defendant be decreed to pay all costs attendant to these proceedings; and

E. That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the Agreements, the trust agreement, or as is otherwise just and equitable.

Respectfully submitted,

RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND
Plaintiff,

By:     s/ Timothy J. Shrake II
TIMOTHY J. SHRAKE II
CAVANAGH & O'HARA LLP
Attorneys for Plaintiff
407 East Adams Street
Springfield, Illinois 62701
Telephone: (217) 544-1771
Facsimile: (217) 544-9894
timshrake@cavanagh-ohara.com